## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 13 2017, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael P. Quirk | Curtis T. Hill, Jr. |
| Muncie, Indiana | Attorney General of Indiana |
| | |
| | Larry D. Allen |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel Pinkston, | January 13, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A04-1607-CR-1629 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Marianne Vorhees, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 18C01-1408-FB-20 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Samuel Pinkston was charged with manufacturing methamphetamine and entered into a plea agreement that required him to serve a sentence of six years but that left to the trial court the decision of where that time would be served. The trial court ordered Pinkston to serve all of his time in the Department of Correction, and Pinkston appeals. Finding no error, we affirm.

# Facts and Procedural History

[2] In July 2016, Pinkston pled guilty to Class B felony dealing in methamphetamine (manufacturing). The statutory sentencing range at the time of his offense (April 2014) was six to twenty years, with an advisory sentence of ten years, *see* Ind. Code Ann. § 35-50-2-5 (West 2012), but his plea agreement called for a sentence of eight years, with six years to serve in a setting determined by the trial court and the other two years suspended to probation.

[3] At the sentencing hearing, Pinkston asked to be allowed to serve his time on electronic home detention. He also asked that, if any of his time was to be served in the Department of Correction ("DOC"), he be recommended for placement in a therapeutic community as part of the DOC's Purposeful Incarceration program. In considering the appropriate placement, the trial court found three aggravating circumstances: (1) while this case was pending, Pinkston was arrested for and charged with operating while intoxicated and operating a vehicle after lifetime license forfeiture; (2) Pinkston was on

supervised probation in another case when he committed the offense in this case; and (3) Pinkston has at least seven prior felony convictions stretching back to 1991. The court found one mitigating circumstance: Pinkston accepted responsibility for his actions and saved the State the expense of going to trial by pleading guilty. Explaining that "the circumstances could have supported the advisory, if not an enhanced sentence," Tr. p. 28, the trial court rejected Pinkston's request to serve his time on home detention and instead ordered him to serve all of his time in the DOC. However, it found that Pinkston "is an appropriate candidate for Purposeful Incarceration through a Therapeutic Community" and said that "once Defendant has One (1) actual year or less to serve, he may petition the Court to consider ordering him to serve the remaining One (1) actual year as a direct commitment to electronic home detention." Appellant's App. Vol. II, p. 29.

[4] Pinkston now appeals.

# Discussion and Decision

[5] Pinkston contends that the trial court committed several errors in deciding how he would serve his six years. Our trial courts enjoy broad discretion in making sentencing decisions, and we will reverse such a decision only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[6] Pinkston first argues that the trial court "did not give a detailed reason why [he] could not serve his executed time on electronic home detention." Appellant's Br. p. 9. We disagree. After specifically laying out the aggravating and mitigating circumstances, the court explained that Pinkston "has not taken advantage of prior opportunities for rehabilitation, including prior commitments to the Department of Correction **and prior attempts at adult probation**." Appellant's App. Vol. III, p. 40 (emphasis added). While probation does not always include electronic home detention, the bottom line is that Pinkston has not succeeded when given non-DOC alternatives in the past. The trial court's sentencing statement was more than adequate.

[7] Next, Pinkston points out that he was originally facing three charges (possession of reagents or precursors and maintaining a common nuisance, in addition to dealing) and that the pre-sentence investigation report "lists all three (3) counts as the 'present offense', even though it is clear in the plea agreement that the Defendant was only pleading guilty to Count 1." Appellant's Br. p. 10. We first note that Pinkston did not challenge this aspect of the pre-sentence investigation report, so he waived any objection in this regard. Waiver notwithstanding, the probation officer specifically noted in the report that she "concurs with the plea agreement," which called for two of the three charges to be dismissed. Appellant's App. Vol. III, p. 16. And in any event, there is no indication that the trial court relied on the dismissed charges in making its decision.

[8] Pinkston's final argument is that his juvenile delinquency adjudications "should not have played a role in the Trial Court's decision on the method of service of the [his] sentence." Appellant's Br. p. 10. This claim assumes that Pinkston's adjudications **did** "play a role" in the trial court's decision. There is no evidence that they did. The trial court made no mention of those adjudications, either in its oral sentencing statement or its subsequent written order. In fact, in finding Pinkston's lengthy criminal history to be an aggravating circumstance, it only addressed his adult felony convictions.[1]

[9] Affirmed.

Bradford, J., and Brown, J., concur.

---

[1] Pinkston does not cite Appellate Rule 7(B), which allows an appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court the finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." To the extent Pinkston is arguing that his sentence is inappropriate, we disagree.